# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. JASON M. WEISKOPF

**Appeal from the Criminal Court for Shelby County**
**No. 95-02362      Arthur T. Bennett, Judge**

———————————

**No. W2000-02308-CCA-RM-CD - Filed October 11, 2000**

———————————

This case is before the court upon remand from the Supreme Court of Tennessee for reconsideration in light of <u>State v. Nichols</u>, ___ S.W.3d ___ (Tenn. 2000). Previously, this court found the "weigh and consider" jury instruction to be in violation of due process. <u>Nichols</u> reached a contrary conclusion; therefore, we now affirm the judgment of the trial court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P. J., and DAVID G. HAYES, J., joined.

Leslie I. Ballin and Mark A. Mesler, Memphis, Tennessee, for the appellant, Jason M. Weiskopf.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William L. Gibbons, District Attorney General; and Thomas D. Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was convicted by a Shelby County jury of premeditated first degree murder and sentenced to life imprisonment. In the direct appeal, this court found all issues to be without merit except for the jury instruction relating to parole eligibility. Specifically, this court concluded that the jury instruction authorizing the jury to "weigh and consider the meaning of a sentence of imprisonment" was in violation of due process. <u>State v. Jason M. Weiskopf</u>, No. 02C01-9611-CR-00381, 1998 WL 40672 (Tenn. Crim. App. filed February 4, 1998, at Jackson). Subsequently, the Supreme Court of Tennessee remanded to this court for reconsideration in light of <u>State v. King</u>, 973 S.W.2d 586 (Tenn. 1998). <u>State v. Jason M. Weiskopf</u>, No. 02C01-9611-CR-00381, Shelby County (Tenn. filed November 2, 1998, at Jackson). Upon remand, this court found <u>King</u> to be distinguishable and again concluded the "weigh and consider" jury instruction was in violation of due process. <u>State v. Jason M. Weiskopf</u>, No. 02C01-9611-CR-00381, 1998 WL 840000 (Tenn. Crim. App. filed December 4, 1998, at Jackson). The Supreme Court of Tennessee has now

remanded to this court for reconsideration in light of <u>State v. Nichols</u>, ___ S.W.3d ___ (Tenn. 2000), which was filed after this court's last opinion.

The trial judge instructed the jury, pursuant to statute, that the jury could "weigh and consider the meaning of a sentence of imprisonment." *See* Tenn. Code Ann. § 40-35-201(b)(2)(A)(i)(Supp. 1994).[1] The Supreme Court of Tennessee has now specifically declared that this instruction is not in violation of due process. <u>Nichols</u>, ___ S.W.3d at ___.

Thus, in accordance with the holding of <u>Nichols</u>, the judgment of the trial court is affirmed in all respects.

 

 

_____
JOE G. RILEY, JUDGE

---

[1] The present statute disallows an instruction on possible penalties. *See* Tenn. Code Ann. § 40-35-201(b)(Supp. 1999).